# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEREMY ARGUE** | : CIVIL ACTION |
| v. | : |
| **TRITON DIGITAL, INC.,** *et al.* | : NO. 16-133 |

**KEARNEY, J.** April 28, 2017

## MEMORANDUM

Technology employers hope their employee engineers will create innovative functionality improving their business. An engineer's particularly innovative efforts may allow his employer to apply and possibly obtain patent protection. Outside of challenging his originating role in the patent approval process, the employee cannot claim ownership of these patented ideas. Today, we address an engineer claiming his efforts which did not lead to patents, but which allegedly added value to his technology employer including in selling its business, unjustly enriched his employer and successor companies. We find no evidence of the employer creating an unjust enrichment claim. Instead, all evidence confirm the engineer performed his job in exchange for a salary and a confidentiality standard in an employee handbook does not equate to precluding the employer from using the employee's work effort to improve its business. In the accompanying Order, we grant his former employer's motion for summary judgment finding no genuine issues of material fact and he cannot sustain an unjust enrichment claim against his employer as a matter of law.

I.      **Undisputed facts.**[1]

In October 2008, Jeremy Argue began working as a Support Engineer for Ando Media, LLC, a technology company.[2] As part of Mr. Argue's employment agreement, Mr. Argue agreed his inventions created at work would belong to Ando.[3] The parties agreed his Ando employment agreement could be assigned to another party only after acquiring written consent of the parties.[4] Under the Ando employment agreement, Ando agreed to pay Mr. Argue $85.000.[5]

Around January 2010, Triton Digital, Inc.—a global technology company in the internet radio business—acquired Ando.[6] Triton designs innovative and proprietary software-as-a-service solutions and advertising technology.[7] Mr. Argue never signed an employment agreement with Triton. Nor did the Ando assign in writing its employment agreement with Mr. Argue to Triton. Triton paid Mr. Argue a base salary.[8]

While working for Triton, Mr. Argue "invented a system and method for customizing audio advertisements."[9] Triton commercialized these inventions and offered them for sale under many names.[10] Mr. Argue voluntarily disclosed his "inventions" to Triton expecting they would be maintained confidentially, but he did not agree in writing to have Triton maintain confidentiality.[11] Mr. Argue did not seek patents for his inventions.[12]

Mr. Argue based his expectation of confidentiality on Triton's 2009 and 2013 employee handbooks, providing "the general business affairs of the organization should not be discussed with anyone outside the organization except as may be required in the normal course of business."[13] Confidential information could be discussed only with people within the organization, and only on a "need-to-know" basis.[14] Triton's employee handbooks also have a section governing intellectual property providing, "All work produced by an employee of [Triton] is the property of [Triton]."[15]

Mr. Argue signed acknowledgements he received these handbooks and consented to their policies, confirming "the information contained in the Handbook represents guidelines for the [Triton]" which Triton can change at any time.[16] Each handbook specifically states it "represents guidelines" and does not create an employment agreement.[17]

On March 13, 2015, Triton terminated Mr. Argue's employment along with 54 other employees as part of a reduction in force.[18] When terminated, Mr. Argue's salary consisted of approximately $108,000 per year with a yearly bonus of approximately $5,000.[19] During the same month, a company called Vector acquired Triton for $45 million.[20] Mr. Argue contends his inventions produced more than 50% of Triton's revenue, and the Triton sale would not have occurred without his inventions.[21]

Now formerly employed, Mr. Argue sued Triton, Ando, and Vector for a variety of claims including unjust enrichment, conversion, and declaratory relief as to ownership of Mr. Argue's intellectual property rights. Defendants moved to dismiss, arguing *inter alia* federal patent law preempts the unjust enrichment and conversion claims.[22] Following a hearing in which Mr. Argue clarified he is not seeking rights as an inventor,[23] we allowed Mr. Argue to proceed on his unjust enrichment and conversion claims under "the non-patent theory the Defendants took Mr. Argue's written work contributions and created products from them without attribution or payment to them."[24] We did so even though we were "woefully uncertain" regarding the extent to which Mr. Argue based his unjust enrichment claim on a nonpatent theory.[25]

Mr. Argue filed an Amended Complaint including claims for conversion, unjust enrichment, and declaratory relief as to ownership.[26] Defendants moved to strike portions of the Amended Complaint, including references to ownership of patents, material subject to issued

3

patents, and material subject to patent applications.[27] We granted the motion, struck the references, and also struck Mr. Argue's claims for conversion and declaratory relief "because they are not brought under the state law theory referenced in our November 4, 2016 Order."[28] We also struck claims challenging the validity of issued patents or otherwise disputing pending patent applications.[29] We again allowed Mr. Argue to proceed on his unjust enrichment claim "on matters not the subject of patent applications arising from Plaintiff's state law theory he conferred a benefit on Defendants and Defendants profited from his work papers and work product delivered to, or purchased by, Defendants without compensation."[30]

## II. Analysis

Defendants Ando and Triton move for summary judgment on Mr. Argue's unjust enrichment claim arguing, among other things, his claim is time barred, fails as a matter of law on the merits, and—to the extent Mr. Argue bases his unjust enrichment theory on his rights as an inventor—is contrary to our Orders permitting Mr. Argue to proceed only on a theory untethered to his patent rights.[31] We grant Defendants' motion.

### A. Mr. Argue's signed employment agreement with Ando bars unjust enrichment claims against Ando but not Triton.

The doctrine of unjust enrichment provides "[a] person who has been unjustly enriched at the expense of another must make restitution to the other."[32] This doctrine applies only when an express or implied agreement does not exist.[33] A claim for unjust enrichment is "inapplicable when the relationship between the parties is founded on a written agreement or express contract."[34]

Mr. Argue admittedly signed a written employment agreement with Ando which specifically addressed Mr. Argue's rights to his inventions. Because the relationship between

4

Ando and Mr. Argue is founded on a written agreement, he cannot proceed against Ando for unjust enrichment.

Triton argues its employee handbooks created binding agreements precluding Mr. Argue's unjust enrichment claims. We disagree. Under Pennsylvania law, a valid contract exists if: (1) the parties manifested an intention to be bound by the agreement; (2) the terms of the agreement are sufficiently definite to be enforced; and (3) there is an exchange of consideration.[35]

The Triton handbooks fail to show Triton intended to be bound by the handbooks. The handbooks specifically state they "represents guidelines" and do not create employment agreements.[36] In an analogous case, the Pennsylvania Superior Court held a handbook did not create an enforceable employment agreement in part because the handbook stated it "was designed for informational purposes only" and could be unilaterally changed, demonstrating the employer did not intend to be bound.[37] We similarly conclude Triton's handbooks did not create enforceable agreements because they do not demonstrate the parties intended to be bound by the handbooks. Mr. Argue's unjust enrichment claims against Triton are not barred by the existence of an agreement.

### B. Mr. Argue cannot sustain a claim for unjust enrichment against Ando or Triton.

Mr. Argue's unjust enrichment claim against Ando and Triton otherwise fails. To succeed on his claim for unjust enrichment against Triton and Ando, Mr. Argue must demonstrate: (1) he conferred a benefit upon Defendants; (2) Defendants appreciated the benefit; and (3) Defendants accepted and retained the benefit under circumstances making it inequitable for Defendants to retain the benefit without paying him.[38] Under the third element, "a claimant

5

must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that . . . would be unconscionable for her to retain."[39]

In the employment context, it is not unjust for an employer to retain benefits of a paid employee's work performed in the ordinary scope of employment. For example, in *McGoldrick v. TruePosition*, the court rejected an employee's unjust enrichment claim predicated upon the employee's securing of a contract for TruePosition because it would not be unjust for TruePosition to retain the benefit of the work it paid its employee to do.[40] The court explained, "The attempt to secure this deal was part of Mr. McGoldrick's job and he has not shown that he did anything other than what he was employed to do."[41] Similarly, in *Herbst v. General Accident Insurance Company*, the court held the plaintiff's employer did not unjustly retain a benefit, stating "Plaintiff has not shown that he did anything more than work to the best of his abilities for defendant as he was engaged to do."[42] Last July, we rejected unjust enrichment and quantum meruit claims based on an employer's implementing its employee's ideas to increase efficiency in production.[43]

We similarly conclude Mr. Argue fails to demonstrate Defendants Triton and Ando retained benefits under circumstances making it inequitable for Defendants to do so. Defendants paid Mr. Argue a salary for his work-related nonpatented inventions. Although Mr. Argue claims he expected his inventions to remain confidential within the company, Mr. Argue bases this expectation on the nonbinding employee handbooks. Those same handbooks also stated Mr. Argue's work would be the property of Triton.[44] Defendants retained the benefits of the work Defendants paid Mr. Argue to do. Under these circumstances, it would not be unjust for Defendants to retain the benefits of the nonpatented inventions Mr. Argue shared with Defendants. Absent an agreement or some disputed material facts in evidence justifying Mr.

6

Argue's expecting his work would be separately compensated, we cannot allow him to craft a new payday because he did his job very well.

### C. Patent law also preempts Mr. Argue's stated unjust enrichment claim.

We alternatively find patent law preempts Mr. Argue's unjust enrichment claims. Federal patent law preempts state laws offering "patent-like protection to intellectual creations which would otherwise remain unprotected as a matter of federal law."[45] According to the Court of Appeals for the Federal Circuit, "federal patent law preempts any state law that purports to define rights based on inventorship."[46] In *American Cyanamid*, a group of doctors and a university sued for unjust enrichment based on the defendant's allegedly wrongful use of the doctor's research results, which the defendant used to acquire a patent on a prenatal vitamin.[47] The district court held the unjust enrichment claim depended upon the doctors' rights as inventors under state common law.[48] The court of appeals reversed, holding federal patent law preempts state law claims predicated upon one's rights as an inventor, in part because of federal patent-law policies favor a uniform standard.[49] Federal patent law preempted the plaintiffs' unjust enrichment claims because those claims depended upon the doctors' status as inventors.[50]

Despite our earlier orders allowing Mr. Argue to proceed on his unjust enrichment claim only on a non-patent theory, Mr. Argue's articulated unjust enrichment theory keeps falling back into his purported rights as an inventor. For example, Mr. Argue states:

> Plaintiff contends that he made several important inventions while employed by Triton, that he never assigned them to anybody and thus was the owner of them, that Defendants nonetheless sold them . . . never paid Plaintiff for his inventions . . . and that it is inequitable for Defendants to have received a substantial sum of money for Plaintiff's inventions and not shared any of that money with him.[51]

Mr. Argue maintains this invention-based theory of unjust enrichment throughout his brief,

7

arguing "Defendants have consistently refused to confront the fact that this case is about inventions, and that Plaintiff has consistently directed his unjust enrichment claim to his *inventions* that were wrongfully sold by Defendants without compensating him."[52] He argues he has a right to the inventions he made during his employment with Triton because Triton did not hire him "for the purpose of making the specific inventions at issue."[53]

To the extent Mr. Argue bases his unjust enrichment claims on making nonpatented inventions which Defendants sold for profit without sharing the profits with Mr. Argue based on his purported rights as an inventor of his nonpatented inventions, such claims are precluded by federal patent law, which preempts state law claims basing the right to relief on being an inventor of nonpatented inventions.

## III.     III. Conclusion

We grant Defendants' motions for summary judgment on Mr. Argue's remaining unjust enrichment claims. In the accompanying Order, we dismiss Mr. Argue's case and enter judgment in Defendants' favor.

---

[1] We consider the "underlying facts and all reasonable inferences therefrom in the light most favorable to" Mr. Argue, "the party opposing the motion." *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 264 (3d Cir. 2006) (citations omitted). Our Policies require a Statement of Undisputed Material Facts be filed in support of a Rule 56 motion, as well as an appendix of exhibits. Defendants filed its Statement of Undisputed Material Facts at ECF Doc. No. 81. Defendants filed an appendix at ECF Doc. No. 82. Mr. Argue responded to Defendants' Statement of Undisputed Material Facts at ECF Doc. No. 89. Mr. Argue added documents to the Appendix at ECF Doc. Nos. 91 through 95. References to the exhibits in the appendices shall be referred to by bates number, for example, "Appx. 1."

[2] ECF Doc. No. 89, ¶ 17.

[3] Appx. 423a.

[4] Appx. 425a.

[5] Appx. 420a.

[6] ECF Doc. No. 89, ¶ 1; Appx. 740a.

[7] ECF Doc. No. 89, ¶ 2.

[8] Appx. 740a, ¶27.

[9] Appx. 754a, ¶ 9.

[10] *Id.*

[11] Appx. 754a, ¶ 9; Appx. 755a, ¶¶ 14, 17; Appx. 756a, ¶¶ 20, 23; Appx. 757, ¶ 26.

[12] Appx. 272a.

[13] Appx. 466a; Appx. 523a.

[14] Appx. 466a; Appx. 523a.

[15] Appx. 541a.

[16] Appx. 744a; Appx. 747a.

[17] Appx. 744a; Appx. 746a; Appx. 747a.

[18] Appx. 740a, ¶ 27.

[19] Appx. 46a.

[20] Appx. 762a, ¶ 38. Vector's full name is Vector Triton (LUX) 1, S.À R.L.

[21] Appx. 762a, ¶ 39.

[22] ECF Doc. No. 21.

[23] ECF Doc. No. 31, at p. 30.

[24] ECF Doc. No. 30, at p. 2 n.1.

[25] *Id.*

[26] ECF Doc. No. 32.

[27] ECF Doc. No. 33.

[28] ECF Doc. No. 42, ¶¶ 1, 3.

[29] *Id.* ¶ 2.

[30] *Id.* ¶ 4.

[31] Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On a motion for summary judgment, "we view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Mancini v. Northampton Cnty.*, 836 F.3d 308, 313 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)). "The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their care for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Willis*, 808 F.3d at 643 (citing *Celotex Corp.*, 477 U.S. at 322-323).

[32] *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 545 (Pa. 2010) (quoting *Wilson Area School Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006)).

[33] *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987) (quoting *Benefit Trust Life Ins. Co. v. Union Nat. Bank*, 776 F.2d 1174 (3d Cir. 1985)).

[34] *Id.* (quoting *Benefit Trust Life Ins. Co.*, 776 F.2d 1174).

[35] *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002) (quoting *ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998)).

[36] Appx. 744a; Appx. 746a.

[37] *Luteran v. Loral Fairchild Corp.*, 688 A.2d 211, 215 (Pa. Super. 1997).

[38] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010) (citing *AmeriPro Search, Inc. v. Fleming Steel Co.*, 787 A.2d 988, 991 (Pa. Super. 2001)).

[39] *Id.* (quoting *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008)).

[40] *McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619, 625 (E.D. Pa. 2009).

[41] *Id.*

[42] *Herbst v. Gen. Acc. Ins. Co.*, No. 97-8085, 1999 WL 820194, at *9 (E.D. Pa. Sept. 30, 1999).

[43] *Bowden v. Schenker*, No. 16-1272, 2016 WL 3981354, at *5 (E.D. Pa. July 25, 2016).

[44] Appx. 541a.

[45] *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156, 109 S. Ct. 971, 980, 103 L. Ed. 2d 118 (1989).

[46] *Univ. of Colo. Found. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed. Cir. 1999).

[47] *Id.* at 1369, 1371–72.

[48] *Id.* at 1372.

[49] *Id.*

[50] *Id.* at 1374.

[51] ECF Doc. No. 87, at p. 2.

[52] ECF Doc. No. 87, at p. 4 (emphasis in original).

[53] *Id.* at p. 3.